## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 09 2015, 6:33 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nicholas Cooper,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 9, 2015

Court of Appeals Cause No.
34A05-1506-CR-567

Appeal from the Howard Superior Court

The Honorable William C. Menges, Judge

Trial Court Cause No.
34D01-1112-FB-1106

**Barnes, Judge.**

# Case Summary

[1] Nicholas Cooper appeals the sentence imposed by the trial court for the revocation of his probation. We affirm.

# Issue

[2] Cooper raises one issue, which we restate as whether the trial court properly revoked Cooper's entire suspended sentence for his probation violations.

# Facts

[3] In December 2011, the State charged Cooper with Class B felony dealing in methamphetamine and Class B felony possession of methamphetamine. He pled guilty to Class B felony dealing in methamphetamine, and the trial court sentenced him to fifteen years in the Department of Correction with three years suspended to probation. In 2013, Cooper filed a petition for sentence modification, which the trial court granted. The trial court modified his sentence by suspending the balance of the executed sentence and ordering Cooper to participate in the Community Transition Program. Cooper was released from incarceration and began participation in the Re-Entry Court Program.

[4] In November 2013 and August 2014, the trial court found that Cooper was in indirect contempt of court for violating the terms and conditions of the Re-Entry Court Program. In December 2014, the Re-Entry Court Program indicated that it intended to terminate Cooper's participation in the program because he had absconded. The trial court terminated Cooper from the Re-

Entry Court Program and found probable cause that Cooper had violated the terms and conditions of his probation. The State then filed a petition to revoke Cooper's suspended sentence, and Cooper admitted to violating his probation. At a sentencing hearing, Cooper testified that he became "overwhelmed" with the Re-Entry Court Program's rules and "panicked and ran." Tr. p. 4. He admitted that he was gone for "[a] couple months." *Id.* Cooper also admitted to using "[m]orphine and spice" and said that he "[m]ight have" used heroin. *Id.* at 7. The trial court ordered that the balance of Cooper's suspended sentence be executed. Cooper now appeals.

# Analysis

Cooper argues that the trial court abused its discretion by imposing the balance of his suspended sentence. According to Cooper, the trial court should have reimposed the original sentence of fifteen years with three years suspended to probation less his credit time. A trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

Under Indiana Code Section 35-38-2-3(h), if the trial court "finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period," the trial court may impose one or more of the following sanctions:

(1) Continue the person on probation, with or without modifying or enlarging the conditions.

(2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

[7] Cooper argues that the trial court failed to exercise its discretion because it automatically imposed the entire suspended sentence. However, the trial court had previously granted Cooper significant leniency when it modified his sentence. Cooper then admitted that he absconded from the Re-Entry Court Program for a couple of months, used morphine and spice, and might have used heroin. Given Cooper's multiple serious violations and prior leniency granted to him, the trial court acted well within its discretion when it ordered him to serve the remainder of his previously suspended sentence in the Department of Correction.

## Conclusion

[8] The trial court did not abuse its discretion when it imposed Cooper's previously suspended sentence as a result of his probation violations. We affirm.

[9] Affirmed.

[10] Kirsch, J., and Najam, J., concur.